FILED ENTERED
LODGED RECEIVED

MAR 01 2023

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY DEPUTY

Judge Tana Lin

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,
Plaintiff,
v.
LEWIS ANTHONY RATH,
Defendant.

NO. CR21-0215-TL

**PLEA AGREEMENT**

The United States, through United States Attorney Nicholas W. Brown and Assistant United States Attorney J. Tate London of the Western District of Washington and Defendant Lewis Anthony Rath, and his attorney, Gregory Geist, enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) and (B).

1. **The Charges**. Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters pleas of guilty to each of the following charges contained in the Indictment: Misrepresentation of Indian Produced Goods and Products, a lesser included offense of that charged in Counts 1, 2, 3 and 4 in



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

violation of Title 18, United States Code, Sections 1159(a), 1159(b)(1)(B) and 2, Unlawful Possession of Golden Eagle Parts, as charged in Count 5, in violation of Title 16, United States Code, Section 668(a), and Unlawful Possession of Migratory Bird Parts, as charged in Count 6, in violation of Title 16, United States Code, Section 703(a).

By entering these pleas of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty plea, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

2. **Elements of the Offenses**. The elements of the offenses to which Defendant is pleading guilty are as follows:

*Misrepresentation of Indian Produced Goods and Products*, as charged in Counts 1, 2, 3 and 4 of the Indictment, are as follows:

*First*, Defendant knowingly aided and abetted the display and offer for sale of goods, and knowingly displayed and offered for sale, and did sell goods, in a manner that falsely suggested they were Indian produced, an Indian product or the product of a particular Indian and Indian tribe; and

*Second*, Defendant knew, at all material times, that the goods were not Indian produced, an Indian product, or the product of a particular Indian and Indian tribe.

*Unlawful Possession of Golden Eagle Parts,* as charged in Count 5 of the Indictment, are as follows:

*First,* Defendant knowingly possessed golden eagle parts, specifically feathers; and

*Second,* at all material times, Defendant did not have a federal permit authorizing his possession of golden eagle feathers.

*Unlawful Possession of Migratory Bird Parts,* as charged in Count 6 of the Indictment, are as follows:



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

*First,* Defendant knowingly possessed migratory bird parts, specifically feathers; and

*Second,* at all material times, Defendant did not have a federal permit authorizing his possession of migratory bird feathers.

3. **The Penalties**. Defendant understands that the statutory penalties applicable to the offenses to which Defendant is pleading guilty are as follows:

*Misrepresentation of Indian Produced Goods and Products*, as charged in Counts 1, 2, 3 and 4 of the Indictment: imprisonment for not more than one (1) year, a fine of up to twenty-five thousand dollars ($25,000.00), one (1) year of supervised release, and a mandatory twenty-five dollar ($25.00) special assessment penalty. If Defendant receives a sentence of probation, the probationary period can be up to five (5) years.

*Unlawful Possession of Golden Eagle Parts,* as charged in Count 5 of the Indictment: imprisonment for not more than one (1) year, a fine of up to five thousand dollars ($5,000.00), one (1) year of supervised release, and a mandatory twenty-five dollar ($25.00) special assessment penalty. If Defendant receives a sentence of probation, the probationary period can be up to five (5) years.

*Unlawful Possession of Migratory Bird Parts,* as charged in Count 6 of the Indictment: imprisonment for not more than six (6) months, a fine of up to five thousand dollars ($5,000.00), one (1) year of supervised release, and a mandatory twenty-five dollar ($25.00) special assessment penalty. If Defendant receives a sentence of probation, the probationary period can be up to five (5) years.

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements. Defendant further understands that, if supervised release is imposed and Defendant violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant further understands that the consequences of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Disclosure Statement as requested by the United States Attorney's Office.

4. **Rights Waived by Pleading Guilty**. Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

a. The right to plead not guilty and to persist in a plea of not guilty;

b. The right to a speedy and public trial before a jury of Defendant's peers;

c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

e. The right to confront and cross-examine witnesses against Defendant at trial;

f. The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

h. The right to appeal a finding of guilt or any pretrial rulings.

5. **Immigration Consequences**. Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are grounds for removal, and some offenses make removal from the United States presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, and Defendant understands that no one, including Defendant's attorney and the Court, can predict with certainty the effect of a guilty plea on immigration status. Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any immigration consequences that Defendant's guilty pleas may entail, even if the consequence is Defendant's mandatory removal from the United States.

6. **United States Sentencing Guidelines**. Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offenses; (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offenses, to promote respect for the law, and to provide just punishment for the offenses; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

a. The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

b. After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

c. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

d. Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

7. **Ultimate Sentence**. Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

8. **Statement of Facts**. The parties agree on the following facts. Defendant admits he is guilty of the charged offenses:

In July 2018, the Indian Arts and Crafts Board ("IACB") received a complaint that Defendant was falsely identifying himself as an Indian, i.e., a San Carlos Apache Indian, and falsely representing that the artwork he was producing and selling was Indian produced. Defendant is not, however, an enrolled member of the San Carlos Apache Tribe, or Indian artisan registered with the Tribe.

*Defendant's Sales of his Artwork to YOCS*

Beginning in February 10, 2018 and continuing until November 13, 2019, Defendant sold carved wooden totem poles, transformation masks and pendants to the Ye Old Curiosity Shop (YOCS), a Seattle gift store. At all material times, Defendant falsely identified himself as a San Carlos Apache Indian and falsely represented that the goods he sold were Indian produced.

*Agents' Purchases of Artwork Attributed to Defendant*

On June 25, 2019, undercover agents purchased a carved, wooden totem pole and a necklace for $1,334.96 from Raven's Nest Treasures (RNT), a Seattle gallery. The



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

gallery marketed and sold these items created by Defendant as Indian produced. The gallery owner and provided agents with a written copy of Defendant's biography, which was based on false information Defendant provided, i.e., that Defendant was a San Carlos Apache Indian.

On June 25, 2019, undercover agents purchased a carved wooden mask and totem pole attributed to Defendant for $1,085.04, from the YOCS. The store marketed and sold these items, as created by Defendant and Indian produced. A store employee provided agents a written copy of Defendant's biography, which was based on false information Defendant provided, i.e., that Defendant was a San Carlos Apache Indian.

Beginning in November 2019, undercover agents communicated with Defendant through Facebook instant messaging. In these communications, Defendant falsely identified himself as a San Carlos Apache Indian and falsely represented his artwork as Indian produced. On November 25, 2019, Agents commissioned Defendant to carve two wooden totem poles and paid him $1,200.00 via wire transfer for the totem poles.

*Defendant's Unlawful Possession of Protected Bird Feathers*

On December 19, 2019, agents executed a federal search warrant at Defendant's residence and seized feathers, which were later determined by the National Fish and Wildlife Forensic Lab (Lab) to be from birds protected under the Bald and Golden Eagle Protection Act (BGEPA) and the Migratory Bird Treaty Act (MBTA). Defendant was not authorized to possess, and did not have a permit to possess, these feathers.

The Lab identified the following BGEPA protected species feathers seized from Defendant's residence: two (2) golden eagle (*Aquila chrysaetos*) feathers. The Lab also identified the following MBTA protected species feathers seized from Defendant's residence: thirteen (13) red-shouldered hawk (*Buteo lineatus*); one (1) American kestrel (*Falco sparverius*); two (2) steller's jay (*Cyanocitta stelleri*); one (1) northern flicker (*Colaptes auratus*); two (2) unspecified raptor (family: Accipitridae); one (1) owl (family: Strigidae); five (5) common raven (*Corvus corax*); eight (8) red-tailed hawk (*Buteo jamaicensis*); forty-four (44) unspecified crow (Corvus sp.); and thirteen (13) unspecified jay (family: Corvidae).

## RELEVANT CONDUCT

*Defendant's Prior Facebook Sales of his Artwork*

Defendant's Facebook records show previous sales of his carvings to others beginning in late 2015, including to individuals identified as "IE" and "CS." At all material times, Defendant falsely identified himself as an Indian, e.g., Apache, and his work as Indian produced.



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

9. **Sentencing Factors**. The parties agree that the following Sentencing Guidelines provision applies to this case: the base offense level for Misrepresentation of Indian Produced Goods and Products, as charged in Counts 1, 2, 3 and 4 of the Indictment, is six (6), pursuant to USSG § 2B1.1(a)(2).

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

10. **Acceptance of Responsibility**. The United States acknowledges that Defendant has assisted the United States by timely providing notice of his intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

11. **The Parties' Sentencing Recommendations**. The parties have made no agreement regarding what sentencing recommendations they will make to the Court. Defendant understands that his sentencing recommendation is not binding on the Court and the Court may reject the recommendations of the parties and impose any term of imprisonment up to the statutory maximum penalty authorized by law. Defendant further understands that he cannot withdraw a guilty plea simply because of the sentence imposed by the Court. Except as otherwise provided in this Plea Agreement, the parties are free to present arguments regarding any other aspect of sentencing.



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

12. **Forfeiture of Assets.** Defendant understands that the forfeiture of assets is part of the sentence imposed in this case.

Defendant agrees to forfeit to the United States immediately all of Defendant's right, title, and interest in any and all birds, or parts, nests, or eggs thereof, that were involved in his commission of Unlawful Possession of Golden Eagle Parts, the offense charged in Count 5, and Unlawful Possession of Migratory Bird Parts, the offense charged in Count 6, as well as all guns, traps, nets and other equipment, vessels, vehicles, aircraft, and other means of transportation that facilitated the offense. This property is subject to forfeiture pursuant to Title 16, United States Code, Sections 706-707, by way of Title 28, United States Code, Section 2461(c), and includes but is not limited to:

a. two (2) golden eagle (*Aquila chrysaetos*) feathers;

b. thirteen (13) red-shouldered hawk (*Buteo lineatus*) feathers;

c. one (1) American kestrel (*Falco sparverius*) feather;

d. two (2) steller's jay (*Cyanocitta stelleri*) feathers;

e. one (1) northern flicker (*Colaptes auratus*) feather;

f. two (2) unspecified raptor (family: Accipitridae) feathers;

g. one (1) owl (family: Strigidae) feather;

h. five (5) common raven (*Corvus corax*) feathers;

i. eight (8) red-tailed hawk (*Buteo jamaicensis*) feathers;

j. forty-four (44) unspecified crow (Corvus sp.) feathers; and

k. thirteen (13) unspecified jay (family: Corvidae) feathers.

Defendant agrees to fully assist the United States in the forfeiture of the above-described property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to: surrendering title and executing any documents necessary to effectuate such forfeiture; assisting in bringing any assets located outside the United States within the jurisdiction of the United States; and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed,



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

wasted, hidden, or otherwise made unavailable for forfeiture. Defendant agrees not to file a claim to any of the above-described property in any federal forfeiture proceeding, administrative or judicial, which may be or has been initiated, and also agrees not to provide assistance to anyone else filing such a claim.

The United States reserves its right to proceed against any remaining assets not identified in this Plea Agreement, including any property in which Defendant has any interest or control, if said assets constitute birds, or parts, nests, or eggs thereof, that were involved in his commission of Unlawful Possession of Golden Eagle Parts, the offense charged in Count 5, and Unlawful Possession of Migratory Bird Parts, the offense charged in Count 6, or are guns, traps, nets and other equipment, vessels, vehicles, aircraft, and other means of transportation that facilitated the offense.

13. **Abandonment of Contraband**. Defendant also agrees that, if any federal law enforcement agency seized any illegal contraband that was in Defendant's direct or indirect control, Defendant consents to the federal administrative disposition, official use, and/or destruction of that contraband.

14. **Non-Prosecution of Additional Offenses**. As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Plea Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

15. **Breach, Waiver, and Post-Plea Conduct**. Defendant agrees that, if Defendant breaches this Plea Agreement: (a) the United States may withdraw from this



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence; (b) Defendant will not oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement; and (c) Defendant waives any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Plea Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

16. **Waiver of Appellate Rights and Rights to Collateral Attacks.**

Defendant acknowledges that, by entering the guilty pleas required by this Plea Agreement, Defendant waives all rights to appeal from his conviction, and any pretrial rulings of the Court, and any rulings of the Court made prior to entry of the judgment of conviction. Defendant further agrees that, provided the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the Court at the time of sentencing, Defendant waives to the full extent of the law:



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

a. Any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable); and

b. Any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation.

This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

17. **Voluntariness of Plea**. Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter pleas of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

18. **Statute of Limitations**. In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

19. **Completeness of Plea Agreement.** The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter. This Plea Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 1st day of March 2023.

*/s/ Lewis Anthony Rath, authorized by defense counsel*
LEWIS ANTHONY RATH
Defendant

*/s/ Gregory Geist, authorized by defense counsel*
GREGORY GEIST
Attorney for Defendant

*/s/ JTL for Todd Greenberg*
TODD GREENBERG
Assistant United States Attorney

*/s/ J. Tate London*
J. TATE LONDON
Assistant United States Attorney



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970